UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIE GARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02678-JMS-DKL |
| ) | |
| COMMUNITY HEALTH NETWORK, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Community Health Network, Inc. ("Community") hired Plaintiff Julie Garrett to work as a nurse. Before accepting the position, Ms. Garrett underwent hip surgery. After she started working, she suffered an injury while at work and reported her injury to Community to seek compensation under the Workers Compensation Act. Community subsequently terminated her employment. Ms. Garrett initiated this litigation against Community, alleging that it terminated her employment when it learned of her disability in violation of the Americans with Disabilities Act ("ADA") and in retaliation for reporting her injury to seek compensation under the Workers Compensation Act. [Filing No. 1 at 1-2.] Community has filed a Motion to Dismiss Ms. Garrett's Complaint, [Filing No. 12], and Ms. Garrett opposes that motion, [Filing No. 14].

**I.
STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give

1

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson,* 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### RELEVANT BACKGROUND

The relevant background is set forth from the allegations of Ms. Garret's Complaint, [Filing No. 1], which the Court must accept as true pursuant to the applicable standard of review at this stage of the proceedings. The Court emphasizes that these allegations are considered to be true only for purposes of deciding the pending motion.

Ms. Garrett began her employment as a nurse with Community on January 5, 2015. [Filing No. 1 at 2.] Prior to accepting employment with Community, Ms. Garrett had hip surgery. [Filing No. 1 at 2.] On August 22, 2015, Ms. Garrett injured her back on the job while assisting a patient. [Filing No. 1 at 2.] She reported her injury to Community and "a claim for workers compensation was opened." [Filing No. 1 at 2.] On November 4, 2015, Community terminated Ms. Garrett's

employment, "stating that she would have never been hired had [Community] known of her previous hip condition." [Filing No. 1 at 2.]

On March 2016, Ms. Garrett filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). [Filing No. 1 at 2.] The EEOC issued Ms. Garrett a Right-To-Sue letter on July 20, 2016. [Filing No. 1 at 2.] On December 5, 2016, Ms. Garrett filed the underlying lawsuit alleging that Community terminated her employment when it learned of her disability in violation of the ADA and in retaliation for reporting her injury to seek compensation under the Workers Compensation Act. [Filing No. 1.] Community has filed a Motion to Dismiss Ms. Garrett's claims, [Filing No. 13], and Ms. Garrett opposes that motion, [Filing No. 14]. The Court will now address the merits of the pending motion.

### III.
### DISCUSSION

Community raises two issues: 1) whether Ms. Garrett failed to allege an ADA discriminatory discharge claim, [Filing No. 13 at 9]; and 2) whether she failed to allege a retaliatory discharge claim under Indiana common law. [Filing No. 13 at 10.][1] The Court will address the issues accordingly.

**A. Discriminatory Discharge Claim**

Community argues that Ms. Garrett failed to allege that she is disabled under either the direct or indirect method of proof. [Filing No. 13 at 9.] It further claims that under the indirect method of proof, she "fail[ed] to allege that she was meeting Community's legitimate employment expectations." [Filing No. 13 at 9.]

---

[1] In addition, Community also argued that Ms. Garret failed to exhaust her administrative remedies with respect to her public accommodation claim. [Filing No. 13 at 4.] However, in response, Ms. Garrett clarifies that she is not raising that claim in her Complaint. [Filing No. 14 at 3.] Thus, the Court finds this issue is moot.

In response, Ms. Garrett argues that in "paragraph 14 of [her] Complaint, [she] states that she *suffers from a disability [and/or] perceived disability as defined by the Americans with Disabilities Act, specifically hip damage*." [Filing No. 14 at 2 (original emphasis).] Ms. Garrett claims that Seventh Circuit precedent indicates that "evidence of discrimination should be evaluated as a whole and not pigeon-holed into direct evidence and indirect evidence," and that she has set forth facts necessary to place Community on notice regarding the her claim and the grounds upon which it rests. [Filing No. 14 at 3.] She argues that she is "not required to allege evidence which may or may not be revealed through discovery." [Filing No. 14 at 3.]

In reply, Community contends that Ms. Garrett "simply regurgitated her conclusory allegation in her Complaint that she is disabled," and that she "has not come forward with any additional authority supporting the proposition that the simple identification of a health issue in a complaint, without anything else, constitutes a disability under the ADA." [Filing No. 17 at 3.] Community claims that Ms. Garrett has failed to allege that her "hip condition" substantially limits her major life activity and that she was meeting Community's legitimate employment expectations. [Filing No. 17 at 4.] Lastly, Community argues that Ms. Garrett "picks and chooses portions of the indirect method to attempt to state a disability discrimination claim." [Filing No. 17 at 4-5.]

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief; and [] a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "In reviewing the sufficiency of a complaint under the plausibility standard . . . , [the Court] accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616 (citing *Iqbal,* 129 S.Ct. at 1951). The Court must determine whether the factual allegations are "enough to raise a right to relief above the speculative level." *McCauley*, 671 F.3d

4

at 616 (citing *Twombly,* 550 U.S. at 555-57). Thus, the allegations must plausibly suggest an entitlement to relief. *McCauley*, 671 F.3d at 616 (citing *Twombly,* 550 U.S. at 555-57).

Seventh Circuit precedent has determined that at the pleading stage, "[a] plaintiff charging [a] violation of the Americans with Disabilities Act must allege that [s]he is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of [her] disability. *Tate v. SCR Medical Transp.*, 809 F.3d 343, 344 (7th Cir. 2015) (citing *Gogos v. AMS Mechanical Systems, Inc.,* 737 F.3d 1170, 1172 (7th Cir. 2013)). The plaintiff must also allege the specific disability pursuant 42 U.S.C. § 12102(1)(A) in order to give the defendant "fair notice." *Tate*, 809 F.3d at 344. Here, Ms. Garrett alleges in her Complaint that Community hired her as a nurse, and that prior to accepting employment, she underwent hip surgery. [Filing No. 1 at 1-2.] She alleges that she was able to perform the essential functions of the job. [Filing No. 1 at 2.] She then alleges that she suffered an on-the-job injury while assisting a patient and that Community terminated her employment, "stating that she would have never been hired had [Community] known of her previous hip condition." [Filing No. 1 at 1-2.] At this stage of the litigation, Ms. Garrett is not required to describe how her disability affects her livelihood; rather, she is merely required to indicate what disability she has in order to place Community on notice. Here, she has alleged that she has hip damage.

Moreover, to prove that he or she has suffered disability discrimination under the ADA, a plaintiff may proceed under the direct or indirect method. *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004) (citation ommitted). However, the Seventh Circuit Court of Appeals has indicated that in Title VII discrimination and retaliation claims, the direct and indirect methods of proof are evidentiary standards that are not suitable at the motion to dismiss stage. *See*

*v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (holding that the pleading standard is "different from the evidentiary burden a plaintiff must subsequently meet when using the method of indirect proof . . . ."); *see also Ryan v. Goldshield Fiberglass, Inc.*, 2016 WL 2643443, at *4 (N.D. Ind. May 9, 2016) (explaining that "the direct and indirect methods of proving retaliation under Title VII are . . . evidentiary standards, which are appropriately applied at summary judgment or trial; the direct and indirect methods of proving retaliation under Title VII are not pleading standards that are controlling at the motion to dismiss stage of litigation."). The same applies here, given that the standards, elements of proof, and available remedies under the ADA are similar to Title VII. *See Majors v. Gen. Elec. Co.*, 714 F.3d 527, 536 (7th Cir. 2013) (stating that the standards and elements of retaliation claims are similar under the ADA and Title VII). Accordingly, the Court denies Community's motion to dismiss Ms. Garret's discrimination claim.

   **B.**  **Retaliatory Discharge Claim**

  Community argues that Ms. Garrett failed to allege sufficient facts to make her retaliatory discharge claim plausible under Indiana common law. [Filing No. 13 at 10.] It argues that Ms. Garrett's Complaint is devoid of any factual content that alleges the causation element of a claim under *Frampton v. Cent. Indiana Gas Co.,* 297 N.E.2d 425 (Ind. 1973). [Filing No. 13 at 11.] Community further contends that Ms. Garrett "does not allege any facts that would make it plausible that Community terminated her employment in retaliation for Ms. Garrett's workers' compensation claim." [Filing No. 13 at 11.]

  Ms. Garrett argues that her retaliatory discharge claim is straightforward. [Filing No. 14 at 4.] She points to paragraphs 8, 9, 10, 21, 22, and 23 of the Complaint where she claims that she set forth the necessary facts to place Community on notice regarding the relief that she seeks, the substance of her claim, and the grounds upon which it rests. [Filing No. 14 at 4-5.]

6

In reply, Community argues that "the Complaint is devoid of any factual content that alleges the third element of the *Frampton* claim – causation [–] . . . that would make it plausible that Community terminated [her] employment in retaliation of her workers' compensation claim." [Filing No. 17 at 5.]

Indiana law provides that if there is no definite or ascertainable term of employment, then the employment is at-will and may be terminated at any time, with or without cause. *Markley Enters., Inc. v. Grover*, 716 N.E. 2d 559, 564 (Ind. Ct. App. 1999). However, the Indiana Supreme Court recognizes exceptions to the employment-at-will doctrine. *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712, 718 (Ind. 1997). One of the exceptions is when the employee is discharged for exercising a statutorily conferred right, for instance, filing a worker's compensation claim. *Frampton*, 297 N.E.2d at 428.

In the Complaint, Ms. Garrett alleged that she was injured on the job while assisting a patient, that she notified Community of her injury, and that a worker's compensation claim was opened. [Filing No. 1 at 2-3.] She then alleged that Community terminated Ms. Garrett in retaliation for exercising her statutory right to report a work-related injury. [Filing No. 1.] These factual allegations are sufficient to place Community on notice regarding the type of claim and relief that she seeks. Because the Court must accept these factual allegations as true at this stage of litigation, Ms. Garrett has sufficiently pled a retaliatory discharge claim.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **DENIES** Community's Motion to Dismiss. [Filing No. 12.]

Date: March 7, 2017

_____
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Ebony Reid Douglas
ebony.reid@ogletreedeakins.com

David M. Henn
HENN HAWORTH CUMMINGS & PAGE
david.henn@HHCFirm.com

Paul J. Cummings
HENN HAWORTH CUMMINGS & PAGE
Paul.Cummings@HHCFirm.com

Brandon M. Shelton
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
brandon.shelton@ogletreedeakins.com